# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

* * *

WAYNE A. PORETTI,

    Plaintiff,

v.

DZURENDA, *et al.*,

    Defendants.

Case No. 2:17-cv-01745-RFB-CWH

SCREENING ORDER

Plaintiff, who is a prisoner in the custody of the Nevada Department of Corrections ("NDOC"), has submitted a civil rights complaint pursuant to 42 U.S.C. § 1983 and has filed an application to proceed *in forma pauperis*. (ECF No. 1-1, 10.) Plaintiff also has filed a motion to extend the prison copy work limit. (ECF No. 4).

The matter of the filing fee shall be temporarily deferred. The Court now screens Plaintiff's civil rights complaint pursuant to 28 U.S.C. § 1915A and addresses the motion to extend the copy work limit.

**I.      SCREENING STANDARD**

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1),(2). *Pro se* pleadings, however,

must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation Reform Act (PLRA), a federal court must dismiss a prisoner's claim if "the allegation of poverty is untrue" or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the court takes as true all allegations of material fact stated in the complaint, and the court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*,

1  550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.*

Additionally, a reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id.* "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Finally, all or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

## II.   SCREENING OF COMPLAINT

In his complaint, Plaintiff sues multiple Defendants for events that took place while he was incarcerated at High Desert State Prison (HDSP). Plaintiff sues Dzurenda, Aranas, Governor Sandoval, Linda Fox, Williams, B. Rio, Adam Paul Laxalt, and Wonka. (ECF No. 1-1 at 2-4). Plaintiff alleges three counts and seeks injunctive relief and damages. (*Id.* at 5-8, 11).

In his complaint, Plaintiff alleges the following: Plaintiff suffers from a neurological disorder, Tourette's, and has been diagnosed as having OCD, ADHD, and schizophrenia and being paranoid, psychotic, and delusional. (*Id.* at 4).

When Plaintiff arrived at HDSP in March 2016, medical staff did not provide him

with his psychiatric medications and the medications he took for neurological problems, because these medications (Wellbutrin and Seroquel) were not on the formulary. (*Id.* at 4, 6). The new medicines ordered by NDOC did not help. (*Id.* at 6). Plaintiff heard voices in the vent of the cell and would not go back in. (*Id.*) He therefore was put in the hold. (*Id.*)

Plaintiff subsequently entered a plea of guilty but mentally ill to the crime of grand larceny. (*Id.* at 6, 15). In the May 2017 judgment, the Clark County District Court ordered that Plaintiff receive treatment for his mental illness during the period of confinement "in conformity with such treatment as is medically indicated for the defendant's mental illness." (*Id.* at 6, 15).

On May 25, 2017, the Director of Prisons and medical staff eliminated Plaintiff's medication for no other reason than cost. (Id. at 6). Medical never even saw Plaintiff to determine what medication worked or did not work, but ordered a medication he took before that did not help. (*Id.*) Plaintiff's doctors and SNAMH had gone through many medicines because one medicine helps him and others make him worse or cause other neurological problems. (*Id.* at 4).

Linda Fox, the Director of Pharmacy, allows for the inmates to be improperly treated by not providing the necessary medications to them and reducing the number of inmates who are treated with more expensive psychotropic medications. Plaintiff told her that his medicines had been discontinued and that staff changed his medication without seeing him. (*Id.*) He did not hear back from her. (*Id.*) Plaintiff contends that this is medical neglect. (*Id.*) Plaintiff also said that he had taken the ordered medicine before and had side effects. (*Id.*)

Plaintiff saw a psychologist or psychiatrist at HDSP, who told him that the Medical Director and Linda Fox had stopped any medicines that are not on the formulary. (*Id.* at 7). The doctor then ordered a medication, risperdal, that has a side effect of causing male breasts. (*Id.*) Plaintiff was told that this was his only choice since Linda Fox and Dr. Aranas had cut the formulary. (*Id.*)

The Lakes Crossing doctors agreed that the medicines Wellbutrin and Seroquel are the best medicines for Plaintiff, relieving some of his ailments without causing bad side effects. (*Id.* at 8). Most medicines will help one neurological problem, but make another one worse. (*Id.*)

Plaintiff is now taking Effexor. (*Id.*) According to a television commercial, this medication has a side effect of causing breasts. (*Id.*) Plaintiff has filed many kites regarding his problems with medication. (*Id.* at 7).

Plaintiff alleges that this conduct violated the Eighth Amendment, the Fourteenth Amendment's Equal Protection Clause, the Nevada Constitution, and Nev. Rev. Stat. §§ 176.057(1)(b) and 174.063.

### A. Federal Claims

#### 1. Eighth Amendment

The Eighth Amendment prohibits the imposition of cruel and unusual punishment and "embodies 'broad and idealistic concepts of dignity, civilized standards, humanity, and decency.'" *Estelle v. Gamble*, 429 U.S. 97, 102 (1976). A prison official violates the Eighth Amendment when he acts with "deliberate indifference" to the serious medical needs of an inmate. *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). "To establish an Eighth Amendment violation, a plaintiff must satisfy both an objective standard—that the deprivation was serious enough to constitute cruel and unusual punishment—and a subjective standard—deliberate indifference." *Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012).

To establish the first prong, "the plaintiff must show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal quotations omitted). To prove deliberate indifference, a plaintiff must prove that the prison official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the

1  inference." *Farmer*, 511 U.S. at 837; *see also Peralta v. Dillard*, 744 F.3d 1076, 1086 (9th Cir. 2014) (en banc). Thus, "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. *See Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004).

To satisfy the deliberate indifference prong, a plaintiff must show "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." *Jett*, 439 F.3d at 1096. "Indifference may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." *Id.* (internal quotations omitted). It is the paradigm of deliberate indifference when a particular treatment for patients is medically indicated, but there is a blanket, categorical denial of medical treatment on the basis of an administrative policy that requires prisoners with particular serious medical needs to go without the proper medical care. *Colwell v. Bannister*, 763 F.3d 1060, 1063, 1068 (9th Cir. 2014). However, when an individual medical official who is not responsible for adopting the policy but is required to follow that policy "fails to provide needed treatment because he lacks the necessary resources", he "can hardly be said to have intended to punish the inmate." *Peralta v. Dillard*, 744 F.3d 1076, 1084 (9th Cir. 2014) (en banc).

A difference of opinion between medical professionals concerning the appropriate course of treatment generally does not amount to deliberate indifference to serious medical needs. *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989). Additionally, "[a] difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim." *Franklin v. State of Or., State Welfare Div.*, 662 F.2d 1337, 1344 (9th Cir. 1981). To establish that a difference of opinion amounted to deliberate indifference, the prisoner "must show that the course of treatment

the doctors chose was medically unacceptable under the circumstances" and "that they chose this course *in conscious disregard of an excessive risk to [the prisoner's] health*." *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996).

A defendant is liable under 42 U.S.C. § 1983 "only upon a showing of personal participation by the defendant." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). "A supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them. There is no respondeat superior liability under [§]1983." *Id.*; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (holding that "[b]ecause vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution").

"A showing that a supervisor acted, or failed to act, in a manner that was deliberately indifferent to an inmate's Eighth Amendment rights is sufficient to demonstrate the involvement—and the liability—of that supervisor." *Starr v. Baca*, 652 F.3d 1202, 1206-07 (9th Cir. 2011). "Thus, when a supervisor is found liable based on deliberate indifference, the supervisor is being held liable for his or her own culpable action or inaction, not held vicariously liable for the culpable action or inaction of his or her subordinates." *Id.* at 1207. Therefore, "a plaintiff may state a claim against a supervisor for deliberate indifference based upon the supervisor's knowledge of and acquiescence in unconstitutional conduct by his or her subordinates." *Id.* There must be a sufficient causal connection between his or her wrongful conduct and the Constitutional violation. *Id.*

Plaintiff has not yet stated a colorable claim for deliberate indifference to serious medical needs. Plaintiff has adequately alleged serious medical needs, which include his Tourette's and his mental illnesses. However, according to the complaint, Plaintiff appears to have started a medication called Effexor.[1] Plaintiff has not alleged that this

---

[1] It is not clear from the complaint whether Plaintiff is alleging that he filed

1 medication is ineffective or has otherwise caused him serious health problems. Although he has alleged that, in the past, he has been prescribed medication that did not work or that had side effects, he has not alleged that Effexor was one of these drugs and has not alleged that any of the Defendants knew that Effexor had an adverse effect on him. Although Plaintiff clearly would prefer to take different medications, neither a patient's disagreement with a doctor's course of treatment nor allegations amounting to negligence are sufficient to state a claim for deliberate indifference to serious medical needs. The Court therefore will dismiss this claim without prejudice, with leave to amend. If Plaintiff chooses to amend this claim, he must allege what *each* Defendant did to cause him harm. Furthermore, for *each* Defendant, Plaintiff must adequately allege facts sufficient to show that the particular Defendant knew of Plaintiff's particular medical needs, understood that these medical needs were serious, believed that particular medical treatment was required, but nevertheless denied that particular medical treatment, causing harm to Plaintiff.

### 2. Fourteenth Amendment -- Equal Protection

The Equal Protection Clause of the Fourteenth Amendment is essentially a directive that all similarly situated persons be treated equally under the law. *City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). In order to state an equal protection claim, a plaintiff must allege facts demonstrating that defendants acted with the intent and purpose to discriminate against him based upon membership in a

---

grievances and is seeking damages based on the period of time in March 2016 that Plaintiff was placed on new medicines that did not work. To the extent he is relying on this experience to state a claim, Plaintiff fails to do so. He has not adequately alleged who it was who made the decision to change his medications at that time and has not adequately alleged facts sufficient to show deliberate indifference by any of the Defendants. Although it is not entirely clear from the complaint, it appears that Plaintiff is alleging that the doctor put Plaintiff back on his old medications when the doctor realized that the new medications did not work, indicating that the doctor had discretion to choose which medication to prescribe and wished to prescribe effective medication. These factual allegations do not adequately allege deliberate indifference. If Plaintiff wishes to rely on his March 2016 experiences to state a claim, he should make that clear in the amended complaint. Furthermore, Plaintiff must allege facts sufficient to show what each Defendant knew and believed about Plaintiff's medical condition at that time and must allege facts sufficient to show that the particular Defendant believed that the change in medication would adversely affect Plaintiff, had the authority to keep Defendant on the same medication, but was responsible for changing the medication anyway.

protected class, or that defendants purposefully treated him differently than similarly situated individuals without any rational basis for the disparate treatment. *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001); *see also Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000).

When analyzing a discrimination claim under the Fourteenth Amendment, the courts "must first determine the appropriate level of scrutiny to be applied. If the rule disadvantages a suspect class or impinges upon a fundamental right, the court will examine it by applying a strict scrutiny standard. If no such suspect class or fundamental rights are involved, the conduct or rule must be analyzed under a rational basis test." *Giannini v. Real*, 911 F.2d 354, 358 (9th Cir. 1990).

In *Olech*, the Supreme Court explicitly addressed "whether the Equal Protection Clause gives rise to a cause of action on behalf of a 'class of one' where the plaintiff did not allege membership in a class or group." 528 U.S. at 564. The Supreme Court ruled in the affirmative and "recognized successful equal protection claims brought by a 'class of one,' where the plaintiff alleges that she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Id.*; *see also Engquist v. Oregon Dep't of Agr.,* 553 U.S. 591, 601 (2008) (recognizing that an equal protection claim may be maintained in some circumstances even if the plaintiff does not allege class-based discrimination, "but instead claims that she has been irrationally singled out as a so-called 'class of one'").

The Supreme Court held that "the purpose of the equal protection clause of the Fourteenth Amendment is to secure every person within the State's jurisdiction against intentional and arbitrary discrimination, whether occasioned by express terms of a statute or by its improper execution through duly constituted agents." *Id.* Although the Supreme Court has acknowledged the class-of-one theory of equal protection, it has held that the theory does not apply when the state action "by their nature involve discretionary decisionmaking based on a vast array of subjective, individualized

assessments." *Engquist v. Oregon Dep't of Agr.*, 553 U.S. 591, 603 (2008); *see also Towery v. Brewer*, 672 F.3d 650, 660–61 (9th Cir. 2012).

To state a "class-of-one" equal protection claim, the Plaintiff must identify the group of individuals with whom he is similarly situated, identify the allegedly intentional and disparate treatment, and allege that there was no rational basis for the different treatment. *Gerhart v. Lake Cty., Mont.*, 637 F.3d 1013, 1022 (9th Cir. 2011); *Chappell v. Bess*, No. 2:01-CV-01979 KJN P, 2012 WL 3276984, at *19–21 (E.D. Cal. Aug. 9, 2012).

Plaintiff has failed to state a colorable equal protection claim. Plaintiff has not alleged that any Defendant acted with the intent and purpose to discriminate against him based upon membership in a protected class. In addition, for purposes of a class-of-one equal protection claim, Plaintiff has not adequately identified the group of people to whom he is similarly situated and has not alleged that any Defendant intentionally and irrationally singled him out for different treatment from that group. Given these deficiencies, the Court will dismiss the equal protection claim for failure to state a claim. The claim is dismissed without prejudice, and Plaintiff is given leave to amend the claim to cure the deficiencies in the claim. If Plaintiff chooses to amend this claim, he must allege facts sufficient to show that Defendants discriminated against him based on his membership in a particular class or he must adequately allege that the class-of-one theory applies and allege facts sufficient to identify the group of people to whom he is similarly situated and that Defendants irrationally singled him out for different treatment.

**B. State Claims**

Plaintiff alleges violations of Nev. Rev. Stat. §§ 176.057(1)(b) and 174.063 and the Nevada Constitution. These claims would be a violation of state law, not a violation of federal law. Section 1983 does not provide a cause of action for violations of state law. *See Galen v. County of Los Angeles,* 477 F.3d 652, 662 (9th Cir. 2007).

Furthermore, it appears that Plaintiff refers to Nev. Rev. Stat. §§ 176.057(1)(b) and

174.063 because he wishes to enforce the state court criminal judgment's provisions regarding treatment for mental illness. Plaintiff must seek such relief in state court, not federal court.

In addition, Plaintiff has failed to state a claim for a violation of the Nevada Constitution because Plaintiff has not even alleged what part of the Nevada Constitution has been violated.[2]

The Court therefore will dismiss the state law claims with prejudice.

## III. LEAVE TO AMEND

Plaintiff is granted leave to file an amended complaint to cure the deficiencies of the complaint. If Plaintiff chooses to file an amended complaint he is advised that an amended complaint supersedes (replaces) the original complaint and, thus, the amended complaint must be complete in itself. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (holding that for claims dismissed with prejudice, a plaintiff is not required to reallege such claims in a subsequent amended complaint to preserve them for appeal). Plaintiff's amended complaint must contain all claims, defendants, and factual allegations that Plaintiff wishes to pursue in this lawsuit. Moreover, Plaintiff must file the amended complaint on this Court's approved prisoner civil rights form and it must be entitled "First Amended

---

[2] State law claims generally are brought in state court. Although this Court does not have original jurisdiction over state law claims, under certain limited conditions it may choose to exercise supplemental jurisdiction over a plaintiff's state law claims if they "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). However, this does not apply to the enforcement of state court judgments. To the extent Plaintiff wishes to enforce the terms of the state court's criminal judgment, he may not do so in federal court. Furthermore, this Court cannot exercise supplemental jurisdiction over any state law claim unless and until Plaintiff states a cognizable federal claim. *Cf.* 28 U.S.C. § 1367(a); *Herman Family Revocable Trust v. Teddy Bear,* 254 F.3d 802, 805 (9th Cir. 2001).

1 Complaint."

2 The Court notes that if Plaintiff chooses to file an amended complaint curing the
3 deficiencies, as outlined in this order, Plaintiff shall file the amended complaint within 30
4 days from the date of entry of this order. If Plaintiff chooses not to file an amended
5 complaint curing the stated deficiencies, this action shall be dismissed with prejudice for
6 failure to state a claim.

**IV. MOTION TO EXTEND COPY WORK LIMIT**

8 Plaintiff has filed a motion to extend his copy work limit. (ECF No. 1-8). An inmate
9 has no constitutional right to free photocopying. *Johnson v. Moore*, 948 F.2d 517, 521
10 (9th Cir. 1991). Pursuant to NDOC administrative regulation 722.01(7)(D), inmates "can
11 only accrue a maximum of $100 debt for copy work expenses for all cases, not per case."
12 In this district, courts have found that they can order a prison to provide limited
13 photocopying when it is necessary for an inmate to provide copies to the court and other
14 parties. *See Allen v. Clark Cnty. Det. Ctr.*, 2:10-CV-00857-RLH, 2011 WL 886343, *2 (D.
15 Nev. Mar. 11, 2011). In this case, the Court grants Plaintiff's request to extend his copy
16 work account limit by another $3.00.

**V. CONCLUSION**

18 For the foregoing reasons, IT IS ORDERED that a decision on the application to
19 proceed *in forma pauperis* (ECF No. 10) is deferred.

20 IT IS FURTHER ORDERED that the Clerk of the Court shall file the complaint (ECF
21 No. 1-1).

22 IT IS FURTHER ORDERED that the entire complaint is dismissed without
23 prejudice, with leave to amend.

24 IT IS FURTHER ORDERED that Plaintiff's motion to extend his copy work account
25 (ECF No. 4) is granted in the amount of $3.00. The Nevada Department of Corrections
26 shall extend Plaintiff's prison copy work limit by another $3.00.

27 IT IS FURTHER ORDERED that, if Plaintiff chooses to file an amended complaint
28 curing the deficiencies of his complaint, as outlined in this order, Plaintiff shall file the

1  amended complaint within 30 days from the date of entry of this order.

2  IT IS FURTHER ORDERED that the Clerk of the Court shall send to Plaintiff the approved form for filing a § 1983 complaint, instructions for the same, and a copy of his original complaint (ECF No. 1-1).  If Plaintiff chooses to file an amended complaint, he must use the approved form and he shall write the words "First Amended" above the words "Civil Rights Complaint" in the caption.

IT IS FURTHER ORDERED that, if Plaintiff fails to file an amended complaint curing the deficiencies outlined in this order, this action shall be dismissed with prejudice for failure to state a claim.

DATED this 30th day of March, 2018.

_____
RICHARD F. BOULWARE II
UNITED STATES DISTRICT JUDGE