# EXHIBIT C

DECLARATION OF DANIELLE RICHARD

# EXHIBIT C

ADAM PAUL LAXALT
  Attorney General
HENRY H. KIM (Bar No. 14390)
  Deputy Attorney General
State of Nevada
Office of the Attorney General
555 E. Washington Ave., Ste. 3900
Las Vegas, Nevada 89101
(702) 486-3095 (phone)
(702) 486-3773 (fax)
Email: hkim@ag.nv.gov
Attorneys for Defendants

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| Wayne A. Porretti, | Case No. 2:17-cv-01745-RFB-CWH |
|---|---|
| Plaintiff, | |
| v. | **DECLARATION OF DANIELLE RICHARD** |
| Dzurenda, *et al.*, | |
| Defendants. | |

I, DANIELLE RICHARD, hereby attest that the following statements are true and correct to the best of my knowledge:

1. In connection with the filing of this Declaration, I was contacted by Henry H. Kim, a Deputy Attorney General of the Nevada Attorney General's Office, who, on information and belief, represents Defendants, in the matter *Porretti v. Dzurenda et al.*, Case No. 2:17-cv-01745-RFB-CWH, now proceeding in the United States District Court, District of Nevada. I have personal knowledge of and am competent to testify regarding the matters stated in this Declaration.

2. This Declaration provides information to be used in support of Defendants' Response to Plaintiff's Letter Construed as a Motion for Preliminary Injunction.

3. I am currently employed by Nevada Department of Corrections (NDOC) as a Director of Nursing Services for Mental Health.

4. I am also familiar with NDOC's policies and procedures on treatment of mental disorders.

5.  As stated in a progress note dated May 31, 2017 in Porretti's medical records, Wellbutrin and Seroquel were discontinued per a directive from the Medical Director at the time as well as Pharmacy. Both medications have remained as non-formulary since that time.

6.  There is nothing in Porretti's medical records showing that he is allergic to Effexor.

7.  Porretti's medical records do not show any complaints of psychotic episodes by the inmate. This includes medical charts regarding inmate complaints as well as staff documentation of the inmate's behavior observed. The only thing relating to psychosis that was documented was self-reported Auditory Hallucinations, which is not, by itself, an indicator of psychosis. Further, it most definitely does not substantiate a claim of a "psychotic episode."

8.  Any inmate who is on psychiatric medication is seen at least every 90 days by a psychiatrist, an internal medicine physician, or an Advanced Practice Nurse automatically.

9.  Over an extended period of time, Porretti was diagnosed with Tourette's, polysubstance abuse, and Attention Deficit Hyperactivity Disorder. Similar to the customary practice in Internal Medicine, a psychiatrist medicates according to the patient's diagnosis. Neither Seroquel nor Wellbutrin are proper medications indicated for these diagnoses, even if they were formulary medications.

10. Schizophrenia is mentioned as a possible diagnosis, but this seems to be entirely self-reported. The inmate complains of hearing voices and has been offered a plethora of medication to address this, which he consistently claimed did not work for the voices.

11. Zyprexa is the standard for treating Auditory Hallucinations as studies show it to be far more effective than Seroquel.

12. There are no entries in the records supporting any depression except for self-reported suicidal thoughts.

13. There is nothing in the medical records that supports a psychiatric diagnosis that can only be treated with Seroquel and Wellbutrin. Seroquel is an anti-psychotic and Wellbutrin is an anti-depressant.

14. I can confidently say that Porretti's visits as well as his medical records do not support diagnosis of a psychosis.

15. Nothing in the medical records supports a depression diagnosis, but if he were to be medicated for depression, Wellbutrin would be **contraindicated** as a treatment due to his diagnosis of Tourette's. In other words, Wellbutrin would make his Tourette's worse.

16. In addition to the foregoing, Wellbutrin and Seroquel are being recognized nationwide as drugs of abuse in prisons, which is supported by peer-reviewed studies.

17. It would be clinically irresponsible to prescribe either medication to Porretti, especially considering his history of polysubstance abuse.

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct.

EXECUTED this 15th day of January, 2019

_____
DANIELLE RICHARD