# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| WAYNE A. PORRETTI, | Case No. 2:17-cv-01745-RFB-CWH |
| Plaintiff, | |
| v. | **ORDER** |
| DZURENDA, *et al.*, | |
| Defendants. | |

Before this Court is Plaintiff's Letter to the Court filed January 9, 2019, which this Court construes as a Motion for Preliminary Injunction. ECF No. 32. Plaintiff is an inmate incarcerated in the Nevada Department of Corrections and currently housed at Lovelock Correctional Center. Plaintiff alleges that he is being denied necessary anti-depressant and anti-psychotic medication and, as a result, is suffering from depression, paranoia, delusions, and hearing voices. ECF No. 32. Defendants concede that they discontinued Plaintiff's Seroquel and Wellbutrin on May 31, 2017 due to their high potential for abuse, absent the recommendation of a psychiatric health care provider to do so. ECF No. 37. Defendants allege, however, that that they are providing alternative medications and that Plaintiff cannot show that these alternatives are not meeting his medical needs.

The Court held a hearing on this matter on January 19, 2019. The Court found that, due to the absence of a recent psychiatric evaluation, the record was insufficient for the Court to find that Seroquel and Wellbutrin are the appropriate medications for Plaintiff. The Court then ordered a further hearing.

On January 29, 2019 at 10:00 AM, the Court held a hearing to obtain testimony from psychiatrist Carla Carroll, M.D., an employee of the Nevada Department of Corrections. Dr.

Carroll testified that she had conducted one medical teleconference visit with Plaintiff in November 2018 and had reviewed Plaintiff's medical records. She testified that she disagrees with diagnoses in the record of other psychiatrists. Dr. Carroll testified that, in her opinion, Seroquel and Wellbutrin are not medically necessary for Plaintiff.

Dr. Carroll's testimony directly contradicts diagnoses and prescriptions made by similarly qualified and licensed psychiatrists. Therefore, Dr. Carroll's testimony creates a conflict in the record that the Court is not prepared and able to resolve at this time. The Court finds that it is necessary to seek an independent evaluation of the records at Defendants' expense. The Court will defer ruling on Plaintiff's Motion for Preliminary Injunction.

Plaintiff made an oral motion for appointment of counsel at the January 29, 2019 hearing. The Court finds that given the complexity and volume of the medical record, the Plaintiff's acknowledged mental health challenges, and the seriousness of the issues at stake, the Court finds appointment of counsel to be appropriate in this case. The Court will therefore refer Plaintiff to the pro bono program. When Plaintiff has obtained counsel, the Court will order an independent evaluation of Plaintiff's records.

Therefore,

**IT IS ORDERED** that Plaintiff is referred to the Court's pro bono program for appointment of counsel for the limited purpose representing him regarding this preliminary injunction motion.

**IT IS FURTHER ORDERED** that all the medical records from Lake's Crossing Center referenced by Dr. Carroll at the January 29, 2019 hearing shall be provided to the Court under seal within thirty days of the issuance of this order.

**IT IS FURTHER ORDERED** that a status conference is set for April 2, 2019 at 11:00 AM in LV Courtroom 7C.

DATED: January 30, 2019.

_____
**RICHARD F. BOULWARE, II**
**United States District Judge**