# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| WAYNE A. PORRETTI, | Case No. 2:17-cv-01745-RFB-CWH |
| Plaintiff, | |
| v. | **ORDER** |
| DZURENDA, *et al.*, | |
| Defendants. | |

Plaintiff is an inmate incarcerated in the Nevada Department of Corrections who alleges that he is being denied necessary anti-depressant and anti-psychotic medication and, as a result, is suffering from depression, paranoia, delusions, and hearing voices. On April 12, 2019, the Court issued an Order granting Plaintiff's Motion for Preliminary Injunction and instructing Defendants to provide Plaintiff a medical evaluation to assess Plaintiff's current medical condition and needs. ECF No. 106.

The parties dispute which medical professional should conduct the evaluation. Plaintiff has argued that Norton Roitman, M.D., is an appropriate evaluator based on his treatment history with Plaintiff. Defendants have expressed their preference to provide a separate evaluator contracted with the prison with no treating history of Plaintiff. The Court deferred ruling on this issue in its April 12, 2019 order to provide Defendants an opportunity to submit the name of an alternative evaluating physician. On April 19, 2019, Defendants proposed that the evaluation be performed by Wade F. Exum, M.D., a contracted physiatrist who examines and treats patients at Northern Nevada Correctional Center. ECF No. 113.

The Court finds no need to hold a hearing at this time to determine which provider will conduct Plaintiff's medical examination. The Court has found, and continues to find, that Dr.

Roitman is a credible physician with an established record as a medical expert with this Court. The Court does not find that Dr. Roitman is biased by his treatment history with Plaintiff; in fact, the Court finds this treatment history to be an asset necessary to further the Court's goal of determining Plaintiff's medical needs at this time. However, the Court additionally finds that it is both helpful and necessary for Plaintiff to be evaluated in-person by a credible physiatrist contracted with Defendants, as Defendants are obligated to oversee Plaintiff's ongoing care. The Court therefore determines that its injunctive relief will take the form of two in-person medical evaluations of Plaintiff, one conducted by Dr. Roitman and one conducted by Dr. Exum.

The Court reiterates its finding, as detailed in its April 12, 2019 order, that it is appropriate, legal, and necessary for Defendants to cover all costs associated with these two evaluations based on Defendants' constitutional obligation to provide Plaintiff with adequate medical treatment. See Estelle v. Gamble, 429 U.S. 97, 103 (1976).

**IT IS THEREFORE ORDERED** that Defendants arrange and pay for two in-person medical evaluation of Plaintiff by June 14, 2019, one by his former treating psychiatrist Dr. Roitman and one by Defendants' offered medical provider Dr. Exum. Dr. Roitman and Dr. Exum are each instructed to prepare a report regarding their evaluation for submission to this Court. The report must address (1) a current medical diagnosis of Plaintiff including a discussion of his medical history; (2) whether Plaintiff's prior prescriptions for Seroquel and Wellbutrin are medically necessary in light of his medical history, diagnoses, and present-day symptoms; (3) the existence of and efficacy of alternative medications and/or treatments; and (4) the extent of regular monitoring and in-person treatment that will be required for Plaintiff for any future medical treatment. The reports of these physicians should be submitted to the Court by June 28, 2019. Defendants shall make the arrangements for these appointments and provide a copy of this order and the Court's previous order (ECF No. 106) on the preliminary injunction to both physicians.

///

///

///

///

1 **IT IS FURTHER ORDERED** that Plaintiff's Motion (ECF No. 111), which the Court construes as a request that the Court decline to consider Defendants' proposed medical examiner, is DENIED. To the extent Plaintiff's appears to seek sanctions against Defendants in his Motion, the Court finds no basis for sanctions against Defendants at this time.

DATED: May 8, 2019.

_____
**RICHARD F. BOULWARE, II**
**United States District Judge**