# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| WAYNE A. PORRETTI, | Case No. 2:17-cv-01745-RFB-CWH |
| Plaintiff, | |
| v. | **ORDER** |
| DZURENDA, *et al.*, | |
| Defendants. | |

Before this Court are Defendants' Motion for Reconsideration of this Court's Order at ECF No. 106 (ECF No. 118), Motion for Stay of Enforcement of Preliminary Injunction Pending the Filing of and the Court's Decision on Defendants' Motion for Reconsideration, and Any Necessary Appeal of this Court's Order (ECF No. 132), Motion for Leave to File Supplement to Defendants' Motion for Reconsideration (ECF No. 139), and Emergency Motion for Clarification and Expedited Decision Requested by June 10, 2019 (ECF Nos. 149, 150). The Court recognizes several additional pending motions filed by Plaintiff and defers ruling on these motions at this time. The Court grants Defendants' Emergency Motion and issues the instant Order addressing Defendants' pending motions accordingly.

Plaintiff is an inmate incarcerated in the Nevada Department of Corrections and currently housed at Lovelock Correctional Center. Plaintiff alleges that he is being denied necessary anti-depressant and anti-psychotic medication and, as a result, is suffering from depression, paranoia, delusions, and hearing voices. Defendants challenge the Court's order granting Plaintiff's Motion for Preliminary Injunction and the Court's finding that medical evaluation of Plaintiff constitutes necessary and appropriate injunctive relief in this case.

///

The Court denies Defendants' Motion for Reconsideration, Motion for Stay of Enforcement of Preliminary Injunction, and Motion for Leave to File Supplement for a few reasons. First, the Court rejects Defendants' motions because Defendants seek to relitigate this Court's factual and credibility findings, especially the finding that Dr. Carroll was not a credible witness. Second, Defendants seek to improperly supplant this Court's established factual findings regarding Plaintiff's treatment with their own version of the facts. Defendants have, unfortunately, in their submission repeatedly misstated this Court's findings and evidence in the record, and the Court corrects these misstatements here. Third, Defendants seek to present additional new evidence which is either untimely or unreliable. Fourth, Defendants' new evidence only underscores the need for Plaintiff to receive immediate psychiatric treatment from an impartial physician. Thus, the Court finds that its issued preliminary injunction was and remains appropriate and that a stay of the injunction is not warranted during the pendency of Defendants' appeal. The Court reviews its reasoning and holding in detail below.

The Court will grant Defendants an additional **seven days** to comply with is Order (ECF No. 130) for medical evaluation given the appeal in this case.

I. **PROCEDURAL & FACTUAL BACKGROUND**

Plaintiff filed the initial complaint on June 23, 2017 and the operative complaint on September 26, 2018. ECF Nos. 1, 16. On January 9, 2019, Plaintiff filed the instant Motion for Preliminary Injunction. ECF Nos. 32, 33.

The Court held a hearing regarding the Motion for Preliminary Injunction on January 18, 2019. ECF No. 44. The Court received at that time from Defendants' counsel a CD containing Plaintiffs' 613-page medical record, attached also to Defendants' instant Motion for Reconsideration. ECF No. 118, Exhibit A. The Court continued the hearing to receive testimony from psychiatrist Carla Carroll, M.D., an employee of the Nevada Department of Corrections ("NDOC").

The Court held a second hearing on January 29, 2019 and received testimony from Dr. Carroll. ECF No. 48. On January 30, 2019, the Court issued an order requesting additional

medical records and referring Plaintiff to the pro bono program for appointment of counsel. ECF No. 50.

On April 9, 2019, the Court held a status conference. ECF No. 103. The Court granted the Motion for Preliminary Injunction. The Court stated that it would grant relief in the form of a medical evaluation of Plaintiff, with Defendants to cover costs. The Court expressed its willingness to appoint psychiatrist Norton Roitman, M.D., based on his treatment history with Plaintiff and his established record as a medical expert with this Court. The Court permitted Defendants to submit a list of additional contracted experts by April 18, 2019 who could be selected to offer the Court a parallel diagnosis and suggested regiment of treatment for Mr. Poretti.

On April 12, 2019, the Court issued an Order detailing its findings and analysis in support of its decision to grant the Motion for Preliminary Injunction. ECF No. 106. The Court found that Dr. Carroll's diagnosis of Plaintiff and her medical opinion that Seroquel and Wellbutrin are not medically necessary for Plaintiff were not and are not credible. Instead, the Court finds that the diagnoses and prescriptions in Plaintiff's medical record are credible. Id. at 3. The Court further found that Dr. Carroll has met with Plaintiff on only one occasion and only over videoconference for a brief period of time. Id. at 4. Dr. Carroll has never interacted with Plaintiff in person, though she has been Plaintiff's treating physician for many months and Plaintiff had sought additional meetings with her. Id. The Court found that Dr. Carroll is an NDOC employee and her opinion was biased by her employment and was tailored to supporting Defendants' existing position that Plaintiff does not need the medications he had been previously prescribed. Id. at 3. The Court further found that Plaintiff has severe mental health symptoms as documented in his medical record. Id. at 4. Based on these findings and others as detailed in the Court's order, the Court determined that Plaintiff had established a likelihood of success on the merits of his Eighth Amendment deliberate indifference claim based on Defendants' failure to properly diagnose and treat Plaintiff through medication and treatment sessions and Defendants' cessation of his prescribed medication without adequate evaluation or monitoring of Plaintiff and his condition. Id. at 5–7. The Court further found that Plaintiff demonstrated a substantial likelihood of

///

irreparable harm due to the ongoing risk to his health and physical safety and that the balance of equities and public interest favored Plaintiff. Id. at 7–8.

The Court therefore granted Plaintiff preliminary relief. However, because the Court found no recent credible medical judgment or prescription in the record, the Court did not find it appropriate to simply order Defendants provide Seroquel and Wellbutrin to Plaintiff, despite Plaintiff's long medical history of safely utilizing these medications to control his symptoms. Rather, the Court ordered a medical evaluation to provide an updated diagnosis of Plaintiff's condition and a recommended course of treatment, including addressing the issue of whether Plaintiff's prior prescriptions for Seroquel and Wellbutrin are medically necessary in light of his medical history, diagnoses, and present-day symptoms, and identify the existence of and efficacy of alternative treatments. Id. at 8.

On April 19, 2019, Defendants proposed that the independent medical evaluation of Plaintiff be performed by Dr. Wade F. Exum, a psychiatrist contracted with NDOC. ECF No. 113.

On April 26, 2019, Defendants filed the instant Motion for Reconsideration of this Court's Order at ECF No. 106. ECF No. 118. Plaintiff responded on May 1, 2019 and Defendants replied on May 8, 2019. ECF Nos. 122, 128.

On May 8, 2019, the Court issued an Order finalizing the scope of its preliminary relief. ECF No. 130. The Court found that it was appropriate and necessary to order two in-person medical evaluations of Plaintiff, one conducted by Dr. Roitman and one conducted by Dr. Exum.

On May 13, 2019, Defendants noticed their appeal of the Court's Order issuing a preliminary injunction to the Ninth Circuit. ECF No. 133. Also on May 13, 2019, Defendants filed the instant Motion for Stay of Enforcement of Preliminary Injunction Pending the Filing of and the Court's Decision on Defendants' Motion for Reconsideration, and Any Necessary Appeal of this Court's Order. ECF No. 132. Plaintiff responded on May 17, 2019. ECF No. 138.

On May 22, 2019, Defendants filed the instant Motion for Leave to File Supplement to Defendants' Motion for Reconsideration. ECF No. 139. Defendants filed an errata to this motion containing a supplemental exhibit on May 29, 2019. ECF No. 144.

/ / /

On June 3, 2019, the Ninth Circuit held appellate proceedings in abeyance pending this Court's resolution of Defendants' Motion for Reconsideration. ECF No. 147. On June 4, 2019, Defendants filed the instant Emergency Motion for Clarification and Expedited Decision Requested by June 10, 2019. ECF Nos. 149, 150.

## II. LEGAL STANDARD

Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, this Court may relieve the parties from a judgment on various grounds, including "mistake, inadvertence, surprise, or excusable neglect," "newly discovered evidence that, with reasonable diligence, could not have been discovered in time," and "any other reason that justifies relief." Fed. R. Civ. P. 60(b). Motions for reconsideration are disfavored. LR 59-1(b). A movant may not repeat arguments already presented. Id.

## III. DISCUSSION

### a. Motion for Reconsideration

The Court finds that there are no grounds to relieve Defendants from the Court's April 12, 2019 order.

#### i. Likelihood of Success on the Merits

Defendants first argue that the Court erred in determining that Plaintiff has demonstrated a likelihood of success on the merits or a serious question going to the merits such that the Court should relieve Defendants from judgment. ECF No. 118 at 7–10. Defendants largely base this argument on mischaracterizations of the record and disregard for the Court's previous findings of fact. The Court incorporates by reference its previous findings of fact and supplements its orders with further findings in this order.

To the extent there is any ambiguity in this Court's prior orders or hearings, this Court finds and reaffirms that Plaintiff has demonstrated a likelihood of success on two grounds under his medical indifference claim. First, he has demonstrated a likelihood of success on the theory that he has not received adequate medical treatment for his severe mental health conditions. The

Court found and finds that Plaintiff suffers severe mental illness.  He was previously successfully treated with certain medications.  Upon the withdrawal of these medications, his condition substantially worsened, leading to hallucinations, paranoia, physical side effects, depression and chronic suicidal ideation.  He continues to go untreated for his mental illness. Second, he has demonstrated a likelihood of success on the theory that Defendants have further failed to monitor his condition upon the withdrawal of his anti-psychotic and anti-depressant medications.  Upon the withdrawal of medications that had stabilized Plaintiff's mental illness, Defendants did not monitor his condition for deterioration and did not intervene when such mental deterioration occurred.  His unmonitored and untreated deterioration puts him at serious risk.

Defendants rely on Dr. Carroll's testimony to establish a factual basis for their argument on reconsideration.  In doing so, however, Defendants ignore the Court's explicit finding that Dr. Carroll's testimony and her opinion are not credible.  Defendants proffer no reason for the Court to reconsider this finding.  They do not suggest that the Court made any factual error in its findings regarding Dr. Carroll.  The Court affirms its previous finding regarding Dr. Carroll's bias and lack of credibility.

Defendants next seek to introduce new evidence through the declaration of Christopher Love.  The Court rejects this newly proffered evidenced as the hearing record in this case has already closed.  Moreover, Mr. Love's "testimony" and evidence has not been subject to questioning by Plaintiff or the Court, so its reliability and credibility cannot be established.  It is unfair to Plaintiff, a pro se litigant with established mental health issues, to seek to reopen the record in this fashion.

Additionally, even if the Court did consider this new evidence, it would not be persuaded to alter its previous order. Defendants rely on the declaration of Mr. Love to document alleged visits between Plaintiff and Love on January 24, 2019; March 12, 2019; and April 10, 2019.  ECF No. 118 at 10 & Exhibit C at 3–4.  Defendants proffer these meetings, which occurred after the January 9, 2019 filing of Plaintiff's Motion for Preliminary Injunction, as evidence that Plaintiff has been receiving adequate medical care.

///

The Court finds that these meetings do not constitute medical care. Christopher Love is not a psychiatrist or medical professional trained in treatment of patients with anti-psychotic medications. ECF No. 18, Exhibit C, at 4 ("I am not a medical doctor[.]"). Moreover, Love's declaration mischaracterizes Plaintiff's records and contradicts this Court's well-supported finding that Plaintiff's medications were discontinued due to prison policy and not for any valid medical reason, to which Dr. Carroll testified (ECF No. 129 at 5) and which Defendants have repeatedly conceded up to this point.

Defendants further rely on both Love's declaration and portions of Plaintiff's record to make the assertion that Plaintiff has in fact had not one but *seventeen* mental health examinations. This claim is misleading and meritless. The Court has found and continues to find that Plaintiff's November 13, 2018 teleconference with Dr. Carroll is the only treatment session he has received since he was removed from Seroquel and Wellbutrin. The portions of the record identified by Defendants demonstrate that Plaintiff was on several occasions observed by V. Lewis, Ph.D., as part of a prison program that appears to stand in place of actual medical evaluation or treatment. See ECF No. 118, Exhibit A, at 289–97. Dr. Carroll referenced these events in her testimony as "document[ed] observations by nursing and psychology staff," ECF No. 129 at 16, *not* as mental health examinations nor treatment sessions. Moreover, and most importantly, these observation records in fact demonstrate and support Plaintiff's need for immediate medical evaluation and potential intervention, as well as the observation program's inability to meet that need. See ECF No. 118, Exhibit A, at 292 (August 24, 2018: "I advised Mr. Porretti about the clinical pharmacist collaboration, and explained how (for the time being) it will replace psychiatric consultations."); id. at 291 (September 19, 2018: "If a psychiatrist is hired or contracted, Mr. Porretti will be immediately referred for consultation."); id. at 290 (October 23, 2018: "Based on historical diagnoses and continual complaints of auditory hallucinations and chronic suicidal ideation, he need[s] psychiatric referral. Now that psychiatric clinics have resumed at LCC, a referral will immediately be made."); id. at 289 (November 7, 2018: "Reschedule for psychiatric consultation."). These records do little to bolster Defendants' position. They instead highlight that Plaintiff did *not* receive and still has not received appropriate medical treatment and evaluation

1 and did not receive the appropriate and necessary psychiatric monitoring when he was removed
2 from Seroquel and Wellbutrin. They also reinforce the Court's finding that Plaintiff was removed
3 from these medications due to a change in prison policy rather than any medical reason. Id. at 293
4 ("[W]e also discussed the limited formulary of the clinical pharmacist protocol that has been
5 received and approved by the NDOC Director, Medical Director, and Board of Pharmacy . . . .
6 [Plaintiff] realizes that Seroquel and Wellbutrin are not on this formulary[.]")

Defendants additionally provide a new declaration by Dr. Carroll to support an assertion that "Porretti has made clear that he does not wish to see Dr. Carroll." ECF No. 118 at 8. First, it is not appropriate for Defendants to supplement the record with an additional declaration by Dr. Carroll regarding information or testimony that was previously available. See Fed. R. Civ. P. 60 (stating that relief from an order may be appropriate where newly discovered evidence "could not have been discovered in time" with "reasonable diligence"); LR 59-1 (stating that reconsideration may be appropriate if "there is newly discovered evidence that was not available when the original motion or response was filed"). Such new testimony is particularly problematic where the witness has already testified and been subject to questioning by Plaintiff and the Court. The reliability and credibility of this new testimony cannot therefore be established, especially where the witness has already been found not credible by this Court.

Second, even if the Court were to consider this new evidence, in the context of the overall record the Court would and does reaffirm its findings. Plaintiff has established and severe mental health issues that require psychiatric diagnosis and ongoing treatment. Plaintiff has only been seen once by a psychiatrist, Dr. Carroll, in a brief videoconference in the past seven and a half months. This videoconference was not a full examination to establish or confirm a medical diagnosis or a full treatment session. Plaintiff has essentially not received psychiatric treatment. Despite continuing to request the prescription of Seroquel and Wellbutrin, Plaintiff has continued to seek psychiatric treatment sessions to no avail. Plaintiff has not refused to see Dr. Carroll.

**ii. Irreparable Harm**

Defendants next argue that the Court erred in determining that Plaintiff has established substantial likelihood of irreparable harm. ECF No. 118 at 10–11. Defendants' arguments are

repetitive and have already been addressed by this Court. LR 59-1 ("A movant must not repeat arguments already presented[.]")

Defendants argue that "Porretti voluntarily agreed to delay this matter," "even though this Court advised him it would delay the resolution of his PI Motion." ECF No. 118 at 10. Because Defendants' argument is entirely unchanged from its initial presentation to the Court, the Court merely reiterates and emphasizes its response to this argument from its April 12, 2019 Order:

> Defendant mischaracterizes the length of the delay to which Plaintiff consented and the nature of Plaintiff's voluntary agreement. Specifically, when the Court asked Plaintiff whether he "would be able to be okay" for a period of "up to fourteen days" until the Court could schedule a hearing to receive expert testimony, Plaintiff responded: "I . . . I've survived so far."

ECF No. 106 at 7. Defendants attempt to characterize this exchange as Plaintiff voluntarily agreeing to a lengthy delay such that he essentially conceded that his symptoms are not severe. Such a characterization of the above exchange is not only misleading but *this argument actually seeks to take advantage of Plaintiff's condition*, since his illness makes it very difficult for him to clearly communicate – a fact not captured by the transcript but readily apparent to all who observed him during the hearing. Moreover, the Court again reiterates that Plaintiff's request for appointment of counsel has in no way delayed Plaintiff's diligent prosecution of this action through the filing of numerous *pro se* motions. Id.; see generally Civil Docket for Case 2:17-cv-01745-RFC-CWH.

Defendants also argue that this case is almost two years old and faults Plaintiff for failing to seek preliminary relief earlier. The time that has passed since Plaintiff filed his Complaint is attributable to the docket and caseload in this District not to Plaintiff. As mentioned above and in the Court's April 12, 2019 Order, Plaintiff has pursued and continues to pursue relief with diligence.

Defendants argue that Plaintiff will receive "continued mental health treatment" during the pendency of the case. This assertion is contrary to the Court's findings, as discussed above. Defendants provide no evidence of treatment by any medical professional since Plaintiff was removed from Seroquel and Wellbutrin despite the filing of this case and Plaintiff's repeated

requests for such treatment. Indeed, as noted above the additional evidence of observations of Plaintiff that Defendants have submitted with their motion only underscores the need for Plaintiff to received immediate medical assistance as the records note his severe symptoms and the need for his symptoms to be addressed by a "psychiatrist." Such records bolster not lessen the support for a finding of irreparable harm.

Defendants lastly argue that "it is difficult to understand how Porretti would suffer irreparable harm absent injunctive relief. There is no indication that Porretti's mental health symptoms have worsened over the course of last two years." ECF No. 118 at 10. Again, the Court finds this to be contrary to the record and its factual findings. Mr. Poretti's condition has substantially deteriorated with Defendants' own new observations noting his need for immediate psychiatric intervention and treatment. The Court further reiterates its finding that "Plaintiff's psychotic symptoms are persistent and severe. The medical record reveals a history of suicide attempts. So long as Plaintiff's symptoms remain unmanaged, Plaintiff's health and physical safety are at risk." ECF No. 106 at 7.

Defendants provide no particularized reason why the Court should reconsider its previous factual findings and analysis with regard to irreparable harm. LR 59-a(1) ("A party seeking reconsideration under this rule must state with particularity the points of law or fact that the court has overlooked or misunderstood."). The Court continues to find that Plaintiff demonstrates a substantial likelihood of irreparable harm.

### iii. Balance of the Equities

Defendants next argue that the Court erred in balancing the equities such that the Court should relieve Defendants from judgment. ECF No. 118 at 11–12.

Defendants first repeat arguments that Plaintiff could potentially and/or involuntarily abuse Seroquel and Wellbutrin, drugs which Plaintiff has been medically prescribed without incident for years. Defendants also argue that the evidence does not establish that Seroquel and Wellbutrin are medically necessary for Plaintiff at present. The Court reiterates that it is not in fact ordering the provision of Seroquel and Wellbutrin. ECF No. 106 at 7. Defendants' arguments are irrelevant to the Court's April 12, 2019 Order.

Moreover, the Court finds that Defendants have not demonstrated any abuse or addiction by Plaintiff to these medications. Defendants have not established any history of such abuse in the facility in which Plaintiff is being housed. Defendants have not even established that such medications pose a serious risk of abuse.

Defendants also briefly argue that "this Court's order to have the NDOC pay for the cost of an IME of Porretti would be highly burdensome for the NDOC." ECF No. 118 at 11. The Court finds no error in its determination that the cost of two medical evaluations to NDOC is less burdensome than Plaintiff's ongoing, severe, untreated mental health symptoms and his inability to receive a single in-person evaluation by a medical professional since the removal of his Seroquel and Wellbutrin over two years ago now.

### iv. Propriety of Relief Granted

Defendants next argue that it is an error of law for the Court "to require the taxpayers to fund Porretti's civil lawsuit." ECF No. 118 at 13. Defendants completely misconstrue the nature of the Court's Order. The Court does not order these independent examinations for the purpose of furthering Plaintiff's litigation, but instead as merited injunctive relief, supported by the four Winter factors. The Court found that Plaintiff has not received adequate medical care and that Plaintiff therefore has an Eighth Amendment claim for deliberate indifference to his serious medical needs that is likely to be successful on its merits. The Court orders these examinations of Plaintiff because it is "the government's obligation to provide medical care for those whom it is punishing by incarceration." Estelle v. Gamble, 429 U.S. 97, 103 (1976). The purpose of these examinations is to provide Plaintiff and the Court with a diagnosis of Plaintiff's medical condition and the appropriate psychiatric treatment that he should receive, including whether or not he should be prescribed medications such as Wellbutrin or Seroquel or their medical equivalents. Such a diagnosis and proposed treatment regimen is undisputedly an essential aspect of adequate medical care. The Court has found and finds that Plaintiff has not received an appropriate medical diagnosis and appropriate treatment in over two years. The possibility that these evaluations may also support Plaintiff's claim is immaterial. The Court has ordered reports to ensure that the evaluations are thorough and responsive to Plaintiff's medical needs. The Court orders the

evaluations as *relief* responsive to Plaintiff's meritorious Motion for Preliminary Injunction. The Court finds that Defendants' failure to medially monitor and evaluate Plaintiff in person for his conditions and their failure to monitor his medical response upon the withdrawal of his medications likely constitutes deliberate indifference. Though Plaintiff seeks relief in the form of reinstatement of his expired prescriptions for Seroquel and Wellbutrin, the Court has no medical expertise and cannot determine whether such relief is appropriate at this time. The Court therefore has ordered these specific in-person evaluations to address Plaintiff's serious medical needs.

The Court reiterates its finding that it is not bound by Dr. Carroll's testimony that Seroquel and Wellbutrin are inappropriate for Plaintiff. The Court has made the express finding that Dr. Carroll's testimony is not credible in this regard. ECF No. 106 at 3–4. Defendants suggest that the Court does not have the authority to second-guess a medical authority. ECF No. 118 at 13–14. But "it is solely within the province of the district court to judge the credibility of the witnesses." Flavor Organics Inc. v. J.R. Wood Inc., 83 F. App'x 263 (9th Cir. 2003) (unpublished). The Court does not attempt to impose its own medical judgment in the place of Dr. Carroll's rejected opinion. For this reason the Court orders medical evaluation, rather than medication, as an appropriate injunctive remedy.

Defendants' arguments as to the non-applicability of Rule 706 of the Federal Rules of Evidence in this case are inapposite. The Court does not invoke its authority under Rule 706 in this case.

**b. Motion for Stay**

Defendants seek a stay of this Court's preliminary injunction while Defendants pursue an appeal of the judgment. ECF No. 132. Preliminary injunctions remain in effect during an appeal "unless the court orders otherwise." Fed. R. Civ. P. 62(c). Generally, the factors regulating the issuance of a stay are: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." Hilton v. Braunskill, 481 U.S. 770, 776 (1987).

/ / /

The Court finds that each factor counsels against the issuance of a stay and declines to stay its preliminary injunction.

The Court will however extend the time for compliance with hits order by ***seven days*** to allow for appropriate consideration of an appeal.

### i. Likelihood of Success on the Merits

The Court does not find that Defendants are likely to succeed on the merits. Defendants' argument in support of this prong is copy-pasted from its Motion for Reconsideration. The Court refers to its discussion above in support of its conclusion that Plaintiff has demonstrated a likelihood of success on the merits.

### ii. Irreparable Harm

The Court does not find that Defendants will suffer irreparable harm in the absence of a stay. The Court's judgment imposes only a monetary burden on Defendants, see ECF No. 149-1 at 3, which is not irreparable. Defendants misunderstand the legal standard and argue that Plaintiff has not demonstrated irreparable harm. The standard is whether the stay applicant, in this case Defendants, will be irreparably harmed absent a stay. In any event, the Court reiterates its finding above that Plaintiff has demonstrated a substantial likelihood of irreparable harm absent medical intervention.

### iii. Substantial Injury

The Court finds that issuance of a stay of its preliminary injunction will substantially injure Plaintiff. The Court refers to its above findings regarding the severity of Plaintiff's ongoing mental health symptoms, which are unevaluated and untreated. Plaintiff has satisfied the stringent preliminary injunction standard and urgently requires medical evaluation and treatment.

### iv. Public Interest

The Court finds that the public interest does not favor a stay of its preliminary injunction. Rather, the public interest favors the prompt medical evaluation of a suffering inmate. Defendants argue that prescribing Wellbutrin and Seroquel to Plaintiff would not serve the public interest and is a matter for medical professionals to determine. Again, Defendants repeatedly mischaracterize the nature of the Court's issued relief.

### c. Motion for Leave to File Supplement

Defendants seek leave of the Court to file a supplement (ECF No. 139) and errata (ECF No. 144) to their Motion for Reconsideration. "On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d).

Defendants seek to introduce a declaration by Kelly Belanger, a caseworker employed by NDOC. ECF No. 144, Exhibit A, at 2. Belanger states the following:

> 5. On May 7, 2019, I met with inmate Porretti. During the meeting, I noticed that Porretti was acting differently from usual. Porretti is usually calm and polite. However, on that day, he appeared giggly and could not form proper sentences.
> 6. Later on the same day, I received information from another inmate that Porretti has been selling his medications and that he saves up his medications and takes them all at once to get high.

Id. at 3. Defendants introduce this declaration as new evidence contrary to their earlier representations that they had no information that Plaintiff had ever abused his medications or misused them as contraband. ECF No. 106 at 3.

The Court denies this motion and rejects this evidence. This new testimonial evidence has not been subject to inquiry by Plaintiff or the Court, so its credibility and reliability cannot be established. Moreover, Belanger is not a medical professional. Defendants continue to provide this Court with declarations by individuals who are not medical professionals in an attempt to persuade this Court of medical facts about Plaintiff. The Court continues to find that medical evaluation of Plaintiff is urgent and necessary.

### IV. CONCLUSION

**IT IS THEREFORE ORDERED** that Defendants' Motion for Reconsideration of This Court's Order at ECF No. 106 (ECF No. 118), Motion for Stay of Enforcement of Preliminary Injunction Pending the Filing of and the Court's Decision on Defendants' Motion for

///

Reconsideration, and Any Necessary Appeal of this Court's Order (ECF No. 132), and Motion for Leave to File Supplement to Defendants' Motion for Reconsideration (ECF No. 139) are DENIED.

**IT IS FURTHER ORDERED** that Defendants' Emergency Motion for Clarification and Expedited Decision Requested by June 10, 2019 (ECF Nos. 149, 150) is GRANTED.

**IT IS FURTHER ORDERED** that Defendants are granted an additional **seven days** to comply with this Court's Order (ECF No. 130). The medical evaluations in this case must now take place by **June 21, 2019**.

**IT IS FURTHER RECOMMENDED**, that Plaintiff be appointed counsel on appeal in light of his limited ability to quickly respond while incarcerated and while suffering from aggravated symptoms of his condition. His previous pro bono counsel was appointed for a limited time and could not continue her representation on appeal.

DATED: June 10, 2019.

_____
**RICHARD F. BOULWARE, II**
**United States District Judge**