# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| WAYNE A PORRETTI, | Case No. 2:17-cv-01745-RFB-CWH |
| Plaintiff, | **ORDER** |
| v. | |
| DZURENDA, et al., | |
| Defendants. | |

Pro se plaintiff Wayne A. Porretti is an inmate incarcerated in the Nevada Department of Corrections and currently housed at Lovelock Correctional Center. The parties are familiar with the facts and procedural history of this case, and the court need not restate them here. Lastly, the court retains jurisdiction in this case, despite defendants' interlocutory appeal. *See Plotkin v. Pac. Tel. & Tel. Co.*, 688 F.2d 1291, 1293 (9th Cir. 1982) ("it is firmly established that an appeal from an interlocutory order does not divest the trial court of jurisdiction to continue with other phases of the case."); *see also United States v. Pitner*, 307 F.3d 1178, 1183 n.5 (9th Cir. 2002) ("during an interlocutory appeal, the district court retains jurisdiction to address aspects of the case that are not the subject of the appeal").

**I.    MOTION TO EXTEND COPY WORK**

Plaintiff moves the court to extend his copy work account limit, because he has exceeded his prison copy limit of $100.00. (Mot. to Extend (ECF No. 55).) Plaintiff further argues that an extension of the copy work limit is necessary because he needs to make copies of motions that he is required to serve on defendants and he cannot afford to pay for such copies.

Under NDOC Administrative Regulation 722.01(7), copies of legal documents may be made for inmates for a nominal fee. Inmates "can only accrue a maximum of $100 debt for copy work expenses for all cases, not per case." NDOC Regulation 722.01(7)(D). However, a court

may "order a prison to provide limited photocopying when it is necessary for an inmate to provide copies to the court and other parties." *Allen v. Clark Cnty. Det. Ctr.*, 2:10-CV-00857-RLH-GWF, 2011 WL 886343, *2 (D. Nev. Mar. 11, 2011).

Here, the court finds it necessary to extend plaintiff's copy work limit, given the pending appeal and status of this case. Plaintiff's copy work limit will be extended by $10.00 at this time. If plaintiff exhausts the $10.00 and requires additional funds, he may file a motion requesting an extension of the limit. Plaintiff is further advised to use his copying privileges sparingly, and to refrain from filing numerous and duplicative motions.

## II. MOTION FOR TRANSCRIPT AND MOTION TO DISREGARD

On February 4, 2019, plaintiff filed his motion for a production of a transcript of the January 29, 2018 preliminary injunction hearing, at the government's expense. (Mot. for Production (ECF No. 56).) Defendants filed their response on February 19, 2019, objecting to the request to the extent that the motion seeks to have defendants pay for the costs of the transcript. (Resp. (ECF No. 56).) However, plaintiff moves the court to disregard the response because it was untimely. (Mot. to Disregard (ECF No. 81).) Defendants did not respond to plaintiff's motion to disregard.

Under Local Rule 7-2(b), the "deadline to file and serve any points and authorities in response to the motion is 14 days after service of the motion." Further, Local Rule 7-2(d) states that the "failure of an opposing party to file points and authorities in response to any motion, except a motion under Fed. R. Civ. P. 56 or a motion for attorney's fees, constitutes a consent to granting of the motion."

Here, defendants filed their response to the motion for transcript after the deadline imposed by the Local Rules, and plaintiff requests that the court disregard the response for that reason. Subsequently, defendants failed to respond to plaintiff's motion to disregard. As such, the court grants the motion to disregard. And because the court grants the motion to disregard, the court must also grant the motion for a transcript. Defendants are directed to provide a copy of the transcript for the hearing held on January 29, 2019 to plaintiff.

//

## III. MOTION FOR DOCUMENT

Plaintiff requests a copy of ECF No. 52, as he did not receive a copy when the document was filed. (Mot. for Document (ECF No. 58).) The court declines to provide plaintiff a copy of this filing. Upon granting plaintiff's motion to proceed *in forma pauperis*, the court directed the Attorney General's Office to file under seal the last known address for defendants for whom the Attorney General's Office cannot accept service. (Order (ECF No. 34).) ECF No. 52 contains the information required by the court's order, and as such, plaintiff is not entitled to a copy. The court denies the motion for a copy of ECF No. 52.

## IV. MOTION FOR COPIES

Plaintiff moves the court to send him a copy of ECF No. 65, because he mailed the court the only copy in his possession. (Mot. for Copies (ECF No. 67).)

Under the 28 U.S.C. § 1915(c) the court need only direct payment for the following *in forma pauperis* expenses:

> (1) printing the record on appeal in any civil or criminal case, if such printing is required by the appellate court; (2) preparing a transcript of proceedings before a United States magistrate judge in any civil or criminal case, if such transcript is required by the district court, in the case of proceedings conducted under section 636(b) of this title or under section 3401(b) of title 18, United States Code; and (3) printing the record on appeal if such printing is required by the appellate court, in the case of proceedings conducted pursuant to section 636(c) of this title.

Also, under Local Rule 10-1,

> An attorney or pro se party who wishes to receive a file-stamped copy of any pleading or other paper must submit one additional copy and, if by mail, a self-addressed, postage-paid envelope. A party who is granted leave to proceed in forma pauperis need not submit a self-addressed, postage-paid envelope.

As such, plaintiff is not entitled to complimentary copies of court documents. However, the court finds good cause to grant plaintiff's request for a one-time copy of ECF No. 65. The clerk of court shall send a file-stamped copy of ECF No. 65 to plaintiff. In the future, if plaintiff wishes to receive a file-stamped copy of any filings, pursuant to Local Rule 10-1, he must submit one additional copy with the filing.

//

## V. MOTION FOR SERVICE

Plaintiff moves for an order directing the U.S. Marshals to serve defendants Rio Manalog, Williams, Linda Fox, Dr. Aranas, Mr. Russell, Dr. Oakly, Nurse Tito, Bob Fulkner, and Dzurenda. (Mot. for Service (ECF No. 70).)

Following the inmate early mediation in this case, the court ordered the Attorney General's Office to provide the names of defendants for whom they would accept service of process and to provide the names of defendants for whom it would not accept service. (Order (ECF No. 34).) For any unserved defendants, the court ordered plainitff to file a motion identifying those defendants, requesting issuance of a summons, and specifying those defendants' full names and addresses. (*Id.*)

The Attorney General filed the court-ordered notice of acceptance of service, stating that the Attorney General does not accept service on behalf of defendant Romeo Aranas, but accepts service on behalf of defendants Alberto Buencamino, James Dzurenda, Bob Faulkner, Linda Fox, Rio Manalang, Francis Oakman (sued as Dr. Oakly), Perry Russell, and Brian Williams. (Notice (ECF No. 51).) The Attorney General's Office also filed, under seal, Aranas' last known address.

As such, the court denies plaintiff's request to issue summons to Manalog, Williams, Fox, Russell, Oakly, Tito, Fulkner, and Dzurenda, because the Attorney General's Office already accepted service on their behalf. As for Aranas, the court declines to issue the proposed summons) because it includes the wrong address for Aranas. (*See* ECF No. 70-1 at 15.) This summons should be served at the last known address that was provided to the court under seal by the Attorney General's Office. (Sealed Submission (ECF No. 52).) The court will provide a blank summons form to plaintiff so he may resubmit the form. The court will also provide blank USM-285 forms for plaintiff to complete for Aranas. Plaintiff should leave the space for Aranas' address blank, and the clerk of court will complete this information using the sealed last known address provided to the court.

//

//

//

## VI. MOTION FOR ELECTRONIC CASE FILE

Plaintiff moves the court for all, or a part of, the case management/electronic case file system in this case. (Mot. for Electronic Case File (ECF No. 77).) Further, plaintiff alternatively requests that he receive a copy of ECF No. 65 or ECF No. 66.

Under the 28 U.S.C. § 1915(c) the court need only direct payment for the following *in forma pauperis* expenses:

> (1) printing the record on appeal in any civil or criminal case, if such printing is required by the appellate court; (2) preparing a transcript of proceedings before a United States magistrate judge in any civil or criminal case, if such transcript is required by the district court, in the case of proceedings conducted under section 636(b) of this title or under section 3401(b) of title 18, United States Code; and (3) printing the record on appeal if such printing is required by the appellate court, in the case of proceedings conducted pursuant to section 636(c) of this title.

As such, plaintiff is not entitled to complimentary copies of court documents. The court will therefore deny plaintiff's request to the extent that he requests the court provide him a copy of every filing in this case. As for plaintiff's request that the court provide him a copy of ECF No. 65 or ECF No. 66[1], the court also denies this request, because a similar request was granted earlier in this order.

## VII. DISCOVERY PLAN AND SCHEDULING ORDER

On March 18, 2019, plaintiff submitted a discovery plan and scheduling order (ECF No. 90). Under Local Rule 16-1,

> In actions by or on behalf of inmates under 42 U.S.C. § 1983 or the principles of *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and in forfeiture and condemnation actions, no discovery plan is required. In those cases, a scheduling order must be entered within 30 days after the first defendant answers or otherwise appears.

As such, plaintiff's discovery plan is denied. The court will issue a scheduling order shortly following this order.

//

---

[1] It should be noted that ECF No. 66 contains the same document filed at ECF No. 65.

1  **VII. MOTION REGARDING ECF NO. 87**

2  Plaintiff states that upon transfer to Lovelock prison, all of his legal papers related to this
3  case disappeared. (Mot. re Answer (ECF No. 92).) Plaintiff further states that defendants cannot
4  produce a signature of receipt of any motions sent to plaintiff prior to the inmate early mediation.
5  (*Id.*) Liberally construing the motion, the court cannot determine the relief plaintiff seeks.
6  Therefore, the motion is denied without prejudice.

7  **VIII. MOTION FOR STATUS AND RULING**

8  Plaintiff moves for the status and decision on his pending motions. (Mot. for Status (ECF
9  No. 107).) Given that the court resolves plaintiff's pending motions in this order, the motion for
10 status is denied as moot.

11 **IX. MOTIONS TO AMEND**

12 Plaintiff filed two motions for leave to amend this case. (ECF Nos. 116, 120.)
13 Defendants did not file a response to the first motion, but filed a notice of non-opposition to the
14 second motion. (*See* Notice of Non-Opposition (ECF No. 127).)
15 Under Local Rule 15-1,

> (a) Unless the court orders otherwise, the moving party must attach the proposed amended pleading to a motion seeking leave of the court to file an amended pleading. The proposed amended pleading must be complete in and of itself without reference to the superseded pleading and must include copies of all exhibits referred to in the proposed amended pleading.
>
> (b) If the court grants leave to file an amended pleading, and unless the court orders otherwise, the moving party must then file and serve the amended pleading.

22 Here, neither of plaintiff's motions attach the proposed amended complaint. Therefore,
23 the motions are denied without prejudice. The second amended complaint (ECF No. 16) will
24 continue to serve as the operative complaint in this case. If plaintiff chooses to file an amended
25 complaint, plaintiff must file the amended complaint on the court's approved prisoner civil rights
26 form and it must be entitled "Third Amended Complaint." Plaintiff is advised all defendants
27 must be identified in the caption of the pleading and that all defendants must be named in the
28 section of the prisoner civil rights form designated for that purpose. Although the Federal Rules

of Civil Procedure adopt a flexible pleading policy, plaintiff still must give defendants fair notice of each of the claims plaintiff is alleging against each defendant.

Furthermore, plaintiff is advised that if he files an amended complaint, the operative complaint (ECF No. 16) no longer serves any function in this case. As such, if plaintiff files an amended complaint, each claim and the involvement of each defendant must be alleged specifically. The court cannot refer to a prior pleading or other documents to make plaintiff's amended complaint complete. The amended complaint must be complete in and of itself without reference to prior pleadings or other documents.

**X.     MOTION FOR ECF FILE**

Plaintiff requests the court to correct Lovelock's policy of providing him only the first page of the notice of electronic filing for each filing he submits. (Mot. for ECF File (ECF No. 131).) The court finds no legal basis to issue an order forcing Lovelock to provide plaintiff with electronic copies of his filings. Therefore, the motion is denied.

**XI.    CONCLUSION**

IT IS THEREFORE ORDERED that plaintiff's motion to extend copy work (ECF No. 55) is GRANTED in the amount of $10.00. The Nevada Department of Corrections must extend plaintiff's prison copy work limit by another $10.00.

IT IS FURTHER ORDERED that plaintiff's motion to disregard (ECF No. 81) is GRANTED.

IT IS FURTHER ORDERED that plaintiff's motion for transcript (ECF No. 56) is GRANTED. Defendants must provide a copy of the transcript for the hearing held on January 29, 2019.

IT IS FURTHER ORDERED that plaintiff's motion for document (ECF No. 58) is DENIED.

IT IS FURTHER ORDERED that plaintiff's motion for copies (ECF No. 67) is GRANTED. The clerk of court shall send plaintiff a file-stamped copy of ECF No. 65.

IT IS FURTHER ORDERED that plaintiff's motion for service (ECF No. 70) is DENIED without prejudice.

1    IT IS FURTHER ORDERED that the clerk of court must send to plaintiff a blank summons form and a blank USM-285 form, along with a copy of this order.

IT IS FURTHER ORDERED that plaintiff must complete the form as stated in this order and file them with the court by July 12, 2019.

IT IS FURTHER ORDERED that upon receipt of the proposed summons and completed USM-285 form from plaintiff, the clerk of court must issue the summons as stated in this order and must deliver the summons, the USM-285 form, a copy of the second amended complaint (ECF No. 16), and a copy of this order to the U.S. Marshal for service.

IT IS FURTHER ORDERED that plaintiff's motion for electronic case file (ECF No. 77) is DENIED.

IT IS FURTHER ORDERED that plaintiff's discovery plan (ECF No. 90) is DENIED. The court's scheduling order will follow this order.

IT IS FURTHER ORDERED that plaintiff's motion regarding ECF No. 87 (ECF No. 92) is DENIED without prejudice.

IT IS FURTHER ORDERED that plaintiff's motion for status and ruling (ECF No. 107) is DENIED as moot.

IT IS FURTHER ORDERED that plaintiff's motions for leave to amend (ECF Nos. 116, 120) are DENIED without prejudice.

IT IS FURTHER ORDERED that plaintiff's motion for ECF File (ECF No. 131) is DENIED without prejudice.

DATED: June 12, 2019

_____
C.W. HOFFMAN, JR.
UNITED STATES MAGISTRATE JUDGE