UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Wayne A. Porretti,<br><br>　　　　　　　　　　Plaintiff,<br><br>　v.<br><br>James Dzurenda et al,<br><br>　　　　　　　　　　Defendants. | Case No. 2:17-cv-001745-RFB-DJA<br><br>**ORDER** |

### I.　INTRODUCTION

Before the Court is Defendants Alberto Buencamino, James Dzurenda, Bob Faulkner, Linda Fox, Rio Manalang, Francis Oakman, Perry Russell, and Brian William's Expedited Motion to Stay Enforcement of Preliminary Injunction Pending an Appeal of this Court's Order and Requesting a Decision from the Court no Later than June 11, 2020, as Time is of the Essence (ECF No. 259).

### II.　BACKGROUND

On May 31, 2020, the Court issued its order granting Plaintiff's Motion for Preliminary Injunction, ordering NDOC to provide Plaintiff prescriptions for Wellbutrin and Seroquel and to submit a treatment plan accordingly within fourteen (14) days of the Court's order. ECF No. 256. The Court fully incorporates by reference herein its factual findings and procedural background as laid out in that order and its orders in ECF Nos. 106 and 153.

On June 4, 2020, Defendants filed the instant Expedited Motion to Stay Enforcement of the Preliminary Injunction pending an appeal to the Ninth Circuit Court of Appeals of the Court's order, and sought a ruling from this Court before June 11, 2020, so that in the event this Court

denied the stay, Defendants could seek a stay before the Ninth Circuit Court of Appeals prior to June 14, 2020, the date by which this Court ordered Defendants to submit a treatment plan in accordance with its order. The Court issued a minute order on June 5, 2020, directing Plaintiff to respond by June 8, 2020. ECF No. 262. Plaintiff responded on June 8, 2020. ECF No. 263.

### III.    LEGAL STANDARD

"'A stay is not a matter of right, even if irreparable injury might otherwise result.'" Nken v. Holder, 556 U.S. 418, 433 (2009) (quoting Virginian R. Co. v. United States, 272 U.S. 658, 672 (1926)). "It is instead 'an exercise of judicial discretion,' and '[t]he propriety of its issue is dependent upon the circumstances of the particular case.'" Id. (quoting Virginia R., 272 U.S. at 672-73) (additional citation omitted). "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." Id. at 433-34 (citations omitted).

Legal principles that guide a court's discretionary decision to issue a stay include: "'(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.'" Id. at 434 (quoting Hilton v. Braunskill, 481 U.S. 770, 776 (1987)). "There is substantial overlap between these and the factors governing preliminary injunctions . . . not because the two are one and the same, but because similar concerns arise whenever a court order may allow or disallow anticipated action before the legality of that action has been conclusively determined." Id. (citing Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 24 (2008)).

If the movant does not satisfy the first two factors, a court need not address the latter two. See id. at 435. See also Doe #1 v. Trump, 957 F.3d 1050, 1058 (9th Cir. 2020) (citing Nken, 556 U.S. at 434-35) ("'The first two factors ... are the most critical . . . .'" We consider the last two factors if the first two factors are satisfied."). The Supreme Court's decision in Nken v. Holder, 556 U.S. 418 (2009) "instructed 'that if the petitioner has not made a certain threshold showing regarding irreparable harm ... then a stay may not issue, regardless of the petitioner's proof regarding the other stay factors.'" Doe #1, 957 F.3d at 1058 (quoting Leiva-Perez v. Holder, 640

F.3d 962, 965 (9th Cir. 2011) (per curiam) (citing Nken, 556 U.S. at 433–34)). The Nken analysis therefore appropriately begins with a consideration of irreparable harm to the applicant. Id.

## IV. DISCUSSION

While Defendants seek a stay of enforcement of the Court's order granting injunctive relief, their motion essentially amounts to a motion for reconsideration, in large part because the legal principles that govern whether a stay should issue "substantial[ly] overlap" with those of a preliminary injunction, as the Supreme Court noted in Nken. In other words, if an assessment of the Nken factors now favors Defendants, the Court would ultimately be forced to conclude that its previous ruling was erroneous. Whether styled as a motion to stay or a motion for reconsideration, the Court finds that Defendants have not met their burden.

Following the Ninth Circuit's guidance in Doe #1 v. Trump, 957 F.3d 1050 (9th Cir. 2020), the Court begins its analysis with irreparable harm, and finds that Defendants have not shown they would suffer irreparable harm absent a stay. Indeed, the substance of Defendants' motion plainly illustrates that their motion is more accurately characterized as a motion for reconsideration; rather than argue that *Defendants*, as the "applicant[s]" seeking the stay, will be irreparably injured *absent* a stay, Defendants assert that *Plaintiff* will *not* suffer irreparable injury if a stay issues. ECF No. 259 at 11. Defendants argue irreparable harm on their own behalf merely as an afterthought after devoting the bulk of their argument to the assertion that because Plaintiff has gone for so long without his medication, further delay will not cause him "irreparable harm." They state, "Indeed, it is Defendants that will suffer irreparable harm as NDOC's medical and mental health departments will be forced to implement a treatment plan with which they disagree." Id. Defendants have failed to advance any evidence or argument that they will be irreparably harmed absent a stay, as their disagreement with the treatment plan alone cannot be characterized as such. This fact alone forecloses any possibility that a stay will issue. Doe #1, 957 F.3d at 1058 (quoting Leiva-Perez, 640 F.3d at 965 (per curiam)) ("Nken instructed 'that if the petition has not made a certain threshold showing regarding irreparable harm ... then a stay may not issue, regardless of the petitioner's proof regarding the other stay factors.'").

Additionally, the Court further finds that representatives of the NDOC, including its experts have never indicated that they could not implement or oversee a treatment plan with the medications at issue. Indeed the record here is clear that NDOC was previously prescribing these medications to Porretti under a treatment plan. *These medications were stopped because of a change in the medications that NDOC included in its standard stock of medications. It was a financial decision and not a medical decision made by his treating physicians*. Mr. Porretti was in fact offered by NDOC alternative generic medications when Wellbutrin and Seroquel were removed from NDOC's formulary. It is therefore incorrect to suggest that NDOC never supported or could not support the administration of these medications.

Moreover, considering Defendants' motion as a motion for reconsideration and applying the appropriate analysis, Defendants have failed to indicate why reconsideration in their favor is warranted. The Court has discretion to grant or deny a motion for reconsideration. Navajo Nation v. Norris, 331 F.3d 1041, 1046 (9th Cir. 2003). Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, this Court may relieve the parties from its order on various grounds, including the Court's mistake and any other reason that justifies relief. See Fed. R. Civ. P. 60(b). However, "[a] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (citation and quotation marks omitted). Motions for reconsideration are disfavored, and a movant may not repeat arguments already presented. D. Nev. Civ. R. 59-1(b). Conversely, "A motion for reconsideration may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." Marlyn Nutraceuticals, 571 F.3d at 880 (internal quotations and citations omitted).

With regard to the Court's prior finding that Plaintiff has adequately shown irreparable harm warranting injunctive relief, Defendants have not presented newly discovered evidence, shown that the Court has committed clear error, or indicated that an intervening change in the controlling law has issued, such that reconsideration on this point is warranted. As the Court stated

in its prior order, "The fact that Mr. Porretti has not received these medications in over two years should not be viewed as evidence that he can and should go on without these medications or that is he not suffering without them." ECF No. 256 at 12.

Defendants' irreparable harm argument therefore does not warrant either a stay of enforcement of the preliminary injunction nor reconsideration of the Court's order granting the preliminary injunction, and Defendants' failure to show irreparable harm absent a stay is dispositive as to the instant motion.

Furthermore, while no additional analysis of the Nken factors is necessary, the Court briefly notes that Defendants have also failed to show a likelihood of success on the merits, as necessarily evinced by the Court's prior order in which it held that *Plaintiff* had shown a likelihood of success on the merits, and Defendants in the instant motion have merely recycled old arguments to express their disagreement with the Court's ruling on this point. While the Court recognizes Defendants do not agree with its decision, mere disagreement does not merit reconsideration absent newly discovered evidence, clear error, or an intervening change in the controlling law.

Defendants argue that Plaintiff's medical records and "other evidence" now before the Court, "including additional facts that could not be known to this Court at the time of its original ruling on the PI Motion," warrant reconsideration on the likelihood of success on the merits prong. ECF No. 259 at 9. Defendants assert Plaintiff was seen by mental health providers several times in 2017, 2018, and 2019. As an initial matter, the Court notes this is not "newly discovered evidence" warranting reconsideration, as Defendants could have presented evidence of these encounters in its numerous previous filings and appearances before the Court. More to the point, the mere fact that Plaintiff met with mental health providers does not indicate he received adequate treatment. Defendants' experts did not note such treatment or provide records in conjunction with their testimony regarding such treatment. The Court found Plaintiff to be a credible reporter as to his attempts to seek adequate treatment and the failure of the NDOC to provide any substantive treatment, whether it included medication or cognitive therapies. Indeed, the Court has found that the healthcare providers other than the Defendants' "experts" who have interacted with Mr. Porretti noted his need for immediate and urgent psychiatric intervention—specialized treatment

which he was not receiving notwithstanding an alleged difference of opinion. See Order of June 6, 2019 at 6-8.

Addressing Defendants' recycled arguments as to their assertion that they and not Plaintiff are likely to succeed on the merits, the Court reiterates once more that it has made explicit and detailed legal findings and credibility determinations as to the testimony and opinions of Dr. Carroll, Dr. Exum, and Dr. Roitman in its prior orders. See Orders at ECF Nos. 106, 153, 256. Defendants appear to repeatedly mischaracterize this Court's rulings as based upon a difference of medical opinions. This misstates the Court's holdings. The Court found that Defendants' experts were not credible and provided biased testimony. Id. By contrast, as stated in its most recent order, the Court found Dr. Roitman to be credible. See Order of May 31, 2020 at 4-6. The Defendants' Motion offers no basis for the Court to alter its findings. In short, Defendants have presented no argument or evidence to warrant reconsideration of the Court's finding that Plaintiff, and not Defendants, is likely to succeed on the merits, which necessarily precludes a finding that Defendants have satisfied their burden for a stay.

Accordingly, because Defendants have failed to satisfy the first two Nken factors, the Court need not and does not address the latter two. The motion is denied.

### V. CONCLUSION

**IT IS THEREFORE ORDERED** that Defendants' Expedited Motion to Stay Enforcement of Preliminary Injunction Pending an Appeal of this Court's Order and Requesting a Decision from the Court no Later than June 11, 2020, as Time is of the Essence (ECF No. 259) is **DENIED** as to the issuance of a stay and granted as to the expedited issuance of this order.

**IT IS FURTHER ORDERED** that the Court will extend the time by which Defendants must submit a treatment plan pursuant to the Court's Order of May 31, 2020. See ECF No. 256.

Defendants shall have until June 18, 2020 to submit a treatment plan pursuant to the Court's Order of May 31, 2020.

DATED June 11, 2020.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**