JASON C. MAKRIS, ESQ.,
SBN 11192
MAKRIS LEGAL SERVICES, LLC
400 S. 4th Street, Suite 500
Las Vegas, Nevada 89101
Telephone: (702) 793-4023
Facsimile: (702) 793-4023
Email: jason.makris@makrislegal.com
*Attorney for Plaintiff*
*In conjunction with*
*U.S. Dist. Court, District of Nevada*
*Pro Bono Program*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\*\*\*\*

| | |
|---|---|
| Wayne A. Porretti,<br><br>    Plaintiff,<br><br>v.<br><br>Dzurenda, *et al.*,<br><br>    Defendants. | Case No. 2:17-cv-01745-RFB-DJA<br><br>**STIPULATION AND ORDER FOR EXTENSION OF TIME FOR DISCOVERY AND MOTION FOR SUMMARY JUDGMENT BRIEFING**<br>**(FIRST REQUEST)** |

Plaintiff, Wayne A. Porretti, by and through counsel, Jason C. Makris, and Defendants, Alberto Buencamino, James Dzurenda, Bob Faulkner, Linda Fox, Rio Manalang, Francis Oakman, Perry Russell, and Brian Williams, by and through counsel, Aaron D. Ford, Attorney General of the State of Nevada, and Alexander J. Smith, Esq., Deputy Attorney General, hereby stipulate and agree to extend the deadline for Discovery for thirty (30) days pursuant to LR 26-3 and IA 6-1; and to extend the filing deadline to the Parties' Summary Judgment Briefs:

**DISCOVERY COMPLETED**

   To date, the parties in this action have conducted discovery as follows:

   1.   The parties conducted their Rule 26(f) conference via telephone.

   2.   The Parties have served initial disclosures.

   3.   Expert Witness Disclosures and Rebuttal Expert Witnesses.

   4.   Treating Physician Disclosures

**DISCOVERY THAT REMAINS TO BE COMPLETED**

4. Request for Production of Documents regarding communications between NDOC Defendants regarding the Police to stop providing Wellbutrin and Seroquel and Plaintiff's medical treatment.

5. Depositions of Named Defendants to be determined upon receipt of document disclosers;

6. Depositions of FRCP 30(b)(6) to be determined.

**REASONS FOR REQUEST TO EXTEND DISCOVERY DEADLINE**

Counsel for both sides have discussed and agree that a stipulation on this matter is necessary for proceedings in this case. LR 26-3 provides that upon a demonstration of excusable neglect upon a showing that there is no danger of prejudice to the opposing party, the length of delay and its potential impact on the proceedings, the reason for delay, and that the movant has acted in good faith. See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993).

On March 30, 2022, this court entered an order allowing limited discovery on the issue of communication between NDOC Defendants regarding their police and treatment of Plaintiff while in custody of the NDOC. ECF 436. During that time, Counsels for Plaintiff and NDOC Defendants have been discussing issues relevant to the litigation in this matter, including discussions regarding the payment of Dr. Roitman's outstanding fees. NDOC Defendants have complied with this Court's Orders, and provided payment to Dr. Roitman. Due to Plaintiff's Counsel's case load, however, the discovery requested has not been able to be competently completed within the time frame initially granted by this Court due to Counsel's case load in the Eighth Judicial District Court.

Additionally, since this Court's Order, DAG Alexander Smith, Esq., has returned from leave and is again actively involved in the action. At this point no trial date has been set in this matter. Based upon the above factors, no prejudice will result to NDOC Defendants, as Counsel has stipulated to the extension. Additionally, the potential impact on the requested additional thirty (30) day request for extending discovery is minimal and will not have an impact to any trial date since none has been set. Plaintiff is receiving his mental health medications as previously ordered by this Court and sees Dr. Sussman monthly for continued evaluation of those medications.

Finally, Counsel moves for this in good faith as this outstanding discovery is necessary for summary judgment purposes. Therefore, excusable neglect and good cause support extending the discovery deadline.

Additionally, the parties agree to an extension of Summary Judgment deadlines to ensure completeness of the record before this Court. Therefore, the Parties stipulate to and request this Court to extend the applicable deadlines as follows:

**NEW DISCOVERY CUT-OFF DATE**: June 13, 2022

**Summary Judgement Briefs Due By**: July 14, 2022;

**Response/Opposition Briefs Due By**: July 28, 2022;

**Reply Briefs Due by**: August 04, 2022.

**JASON C. MAKRIS, ESQ.**

By:  /s/ Jason C. Makris            Date: May 12 , 2022
Jason C. Makris (No. 11192)
*Attorney for Plaintiff*


**AARON D. FORD, ESQ.**
Nevada Attorney General

**Alexander J. Smith, ESQ.**
Deputy Attorney General

By:  /s/ Alexander J. Smith          Date: May 12 , 2022
Alexander J. Smith (No. 15484)
Deputy Attorney General
*Attorneys for Defendants*


**IT IS SO ORDERED:**

RICHARD E. BOULWARE, II
United States District Court

DATED this 13th day of May, 2022.

**CERTIFICATE OF SERVICE**

I hereby certify that on the 12th day of May, 2022, I electronically filed the foregoing stipulation for stipulation AND ORDER FOR EXTENSION OF TIME FOR DISCOVERY AND MOTION FOR SUMMARY JUDGMENT BRIEFING (FIRST REQUEST) via the United States District Court, District of Nevada's electronic filing system.  Parties registered with this Court's electronic system will be served electronically.

**AARON D. FORD, Esq.**
*Nevada Attorney General*
**ALEXANDER J. SMITH, ESQ.**
*Deputy Attorney General*

/s/ Jason Makris
An Employee of the Makris Legal Services, LLC